**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DESIREE NELSON,  )
                                                )     Case No. 2:16-cv-02402-JCM-CWH
           Plaintiff,  )
                                                )     **ORDER**
vs.                                                 )
                                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social Security,        )
                                                )
           Defendant.  )

Presently before the court is Plaintiff Desiree Nelson's application for leave to proceed *in forma pauperis* (ECF Nos. 1), filed on October 14, 2016. Plaintiff filed an amended application to proceed *in forma pauperis* (ECF No. 2) on October 17, 2016.

**I.**     *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted.

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Plaintiff's complaint challenges a decision by the Social Security Administration ("SSA") denying benefits. Before filing suit, a plaintiff must exhaust administrative remedies. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

Once a plaintiff has exhausted administrative remedies, he can obtain judicial review of an SSA decision denying benefits by filing suit within sixty days after notice of a final decision. 42 U.S.C. § 405(g). An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should state the nature of plaintiff's disability, when plaintiff claims he became disabled, and when and how he exhausted his administrative remedies. The complaint should also contain a plain, short, and concise statement identifying the nature of plaintiff's disagreement with the SSA's determination and show that plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and

(b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, the court finds that Plaintiff failed to allege sufficient facts in support of her action for judicial review of the Commissioner's decision. Although Plaintiff states that she seeks review of an adverse decision that has become final and that she has exhausted her administrative remedies, the complaint does not provide the date the notice of final decision was mailed to her. The court therefore cannot determine if this lawsuit for judicial review is timely. Accordingly, the court will dismiss Plaintiff's complaint without prejudice for Plaintiff to file an amended complaint.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 2-1).

IT IS FURTHER ORDERED that the complaint (ECF No. 2-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint by June 22, 2017. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: May 23, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**