# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DESIREE NELSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:16-cv-02402-JCM-CWH<br><br>**REPORT AND RECOMMENDATION** |

The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Desiree Nelson's ("Plaintiff") application for disability insurance benefits under Title II and Title XVI of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF Nos. 20, 21), filed October 17, 2017, the Commissioner's response and cross-motion to affirm (ECF Nos. 24, 25), filed December 13, 2017, and Plaintiff's reply (ECF No. 28), filed January 11, 2018.

## A. BACKGROUND

**1.    Procedural History**

In August 5, 2013, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of February 1, 2013. AR[1] 169-175, 176-184. Plaintiff's claim was denied initially, and on reconsideration. AR 101, 107. A hearing was held before an Administrative Law Judge ("ALJ") on January 29, 2015. AR 24-41. On May 14, 2015, the ALJ issued a decision finding Plaintiff was not disabled. AR 11-

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 16).)

19. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-4. Plaintiff, on September 17, 2016, commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF Nos. 1, 8.

**2.    The ALJ Decision**

The claimant met the insured status requirements of the Social Security Act through December 31, 2017. AR 13. The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 11-19. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of February 1, 2013. AR 13. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of degenerative disc disease of the lumbosacral spine with a history of chronic pain, and mild degenerative disc disease of the cervical spine. AR 14. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* At step four, the ALJ found that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she is further limited to occasional climbing of ladders, but no climbing of ropes or scaffolds; and occasional balancing, stooping, kneeling, crouching and crawling. *Id.* The ALJ noted that Plaintiff is able to perform past relevant work as a ticketer, and this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. AR 18. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from February 1, 2013, through the date of the decision, on May 4, 2015. *Id.*

## B.  DISCUSSION

**1.    Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for

the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not

sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.      Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.

1 *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five. A claimant bears the burden of showing that she can no longer perform her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (claimant bears the burden of proof at steps one through four).

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### C. ANALYSIS

**1.     Plaintiff's ability to perform past work**

Plaintiff moves to remand this matter, arguing the ALJ erred by finding that Plaintiff was not disabled at step four because she is unable to perform past work. In response to the ALJ's question about past work, the VE testified that he identified three jobs. Because the VE described Plaintiff's past work at Target by reference to two distinct DOT titles, ticketer and laborer, Plaintiff argues that her past work was a "composite job," and she is unable to perform all tasks associated with her composite job. Since there are no composite jobs under the regulations, and given the ALJ's RFC findings, Plaintiff argues she is disabled even though she is able to perform light work, given her inability to perform her past job combined with her vocational factors of

age, education, and prior work experience.  The Commissioner disagrees, arguing that the VE made no finding of a "composite job," and the ALJ properly classified Plaintiff's past relevant work.

The ALJ's step four finding was that Plaintiff "is able to perform her past relevant work as a ticketer, as generally performed in the national economy." AR 18.  In order to classify past relevant work, the ALJ may identify the functional demands and job duties of the job as ordinarily required by employers throughout the national economy. SSR 82-61, at *2.  Based upon the VE's testimony, and the particular facts of the case, the ALJ determined one of Plaintiff's former types of work was as a ticketer. AR 18.  The VE testified that Plaintiff "worked as a ticketer [DOT 229.587-028], and it's considered light per the DOT." AR 38.  The VE did not, as argued by Plaintiff, testify that her job was a composite job, and hearing counsel did not elicit such a conclusion on cross-examination.  The VE then testified, in response to a hypothetical that accurately reflected Plaintiff's RFC as found by the ALJ, that she could perform the functional demands and job duties of ticketer, and she could do so as it is generally performed in the national economy, which is at the light exertional level.   AR 18, 38-39.

The ALJ relied on the VE's testimony.  AR 18, 38-39.  The ALJ was entitled to rely on the VE's testimony regarding the physical demands of Plaintiff's past relevant work, and upon his response to a hypothetical that contained all the limitations that the ALJ found credible and supported by the record evidence. *Bayliss*, 427 F.3d at 1217.  The ALJ therefore had sufficient evidence to conclude that Plaintiff retained the capability for one job of her former past work as it is generally performed in the national economy.

**2.  Plaintiff's RFC**

Plaintiff next argues that the ALJ's RFC conflicts with the opinions of medical sources, and because he did not provide specific reasons for the weight to be given to certain medical sources, the RFC is contrary to law and not supported by substantial evidence, and at least, additional vocational testimony was needed to determine the erosion of the light occupational base. Specifically, she argues that the ALJ erred by not including a functional limitation that she alternate between sitting and standing.  She argues that all of the medical opinions in the case

describe greater limitations than the ALJ's RFC finding acknowledged and the ALJ's reasons for rejecting those limitations is insufficient.

It is the responsibility of the ALJ, not a physician, to determine residual functional capacity. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). It is the ALJ's duty to review and interpret the medical opinion evidence and state his findings. 20 C.F.R. § 404.1527; *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (the specific and legitimate standard was met where the ALJ "summarized the facts and conflicting clinical evidence in detailed and thorough fashion, stating his interpretation and making findings"). And the ALJ is not required to accept all the limitations found by the state agency doctors. *Id.* (when weighing a medical opinion, the ALJ can consider some portions less significant than others when evaluated against other evidence in the record).

Here, the ALJ gave significant weight to Dr. Keairnes' opinion, but did not adopt a specific limitation that Plaintiff would require alternating between sitting and standing because it was internally inconsistent with Dr. Keairnes' opinion that Plaintiff could walk and stand up to 6 hours in an 8-hour day. AR 17. The ALJ concluded that the sit/stand limitation was unnecessary in light of Dr. Keairnes' opinion that Plaintiff was able to sit up to 6 hours with normal breaks, and stand and/or walk up to 6 hours, with normal breaks. *Id.* The ALJ also noted that Dr. Leinenbach's opinion was that normal breaks would provide Plaintiff with sufficient sit/stand relief to complete an 8-hour work day. *Id.*

The ALJ also explained that he gave less weight to Dr. Leinenbach's opinion that Plaintiff could stand and/or walk 4 to 6 hours a day because a 4-hour limitation in standing/walking was restrictive in light of Plaintiff's significant activities of daily living which included part-time work (4 hours/day). *Id.* The ALJ also explained that a 4-hour stand/walk restriction was not supported by Plaintiff's overall lack of treatment in her records. *Id.* The ALJ also confirmed that Plaintiff had medical insurance through Medicaid. AR 15. Thus, the failure to obtain treatment was not the result of a lack of financial capability.

The ALJ gave a good reason supported by substantial evidence and free of harmful legal error for discounting the sit/stand limitation. *See, e.g., Valentine v. Astrue*, 574 F.3d 685, 692-693

(9th Cir. 2009) (ALJ validly discounted treating physician's opinion because his opinion conflicted with other evidence). The restrictions found in Plaintiff's RFC reflect the evidence that was most consistent with the record and was reasonable. It is within the ALJ's province to resolve any conflicts in opinion and interpret the medial opinion evidence. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). Of course, the ALJ was not required to include any functional limitation in the hypothetical to the VE if he did not find it was supported by the record evidence and was credible.

### 3. The ALJ's credibility determination

Plaintiff next argues that her extensive work history supports her credibility, and the ALJ erred by failing to consider this factor in making his "not fully credible" determination. Plaintiff does not dispute any of the credibility factors discussed by the ALJ, only his conclusion.

The Commissioner's regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If the ALJ rejects the claimant's complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990)).

The ALJ must state why the testimony is unpersuasive and must point to what specific testimony or evidence undermines the claimant's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Lester*, 81 F.3d at 834. Absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (*quoting Morgan*, 169 F.3d at 599). The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (citation omitted). This is because

the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

The Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible when the ALJ cited specific instances in the record supporting this determination. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints). *See also, Batson v. Comm'r of Soc Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2003) (ALJ's credibility determination upheld because the ALJ cited specific testimony from a doctor which contradicted the claimant's allegations). But the Ninth Circuit has also found general findings insufficient. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). If "evidence reasonably supports either affirming or reversing the ALJ's decision," this Court may not substitute its judgment for that of the ALJ's. *Id.*

In making a credibility determination regarding pain, the ALJ may consider:

1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;
4. Treatment, other than medication, for relief of pain;
5. Functional restrictions; and
6. The claimant's daily activities.

*Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (citing SSR 88-13). The ALJ also may use "ordinary techniques of credibility evaluation." *Id.* The ALJ must also consider information about a claimant's prior work record. There is no requirement that an ALJ articulate her consideration of all the factors that informed her assessment. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 06–03p (recognizing that "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision").

Here, Plaintiff has failed to challenge the bases for the credibility determination or identify reversible error. In making his decision, the ALJ noted that the objective medical

evidence was inconsistent with the extreme limitations Plaintiff described, including the examining physician's observation that Plaintiff's "dramatic pain behaviors" were "out of proportion to objective findings." AR 16. The ALJ extensively discussed the evidence which indicated unremarkable physical examinations and the lack of treatment after 2014. AR 15-16. The ALJ therefore relied on the objective medical evidence to discount the severity of Plaintiff's subjective complaints. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) ("Objective medical evidence . . . is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work."); *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (ALJ properly relied in part on objective findings to discredit claimant's testimony).

In making his credibility determination, the ALJ also explained that Target "retired her early" for performance-related reasons, not for a disability related reason. AR 16. The ALJ also noted that Plaintiff was able to perform a wide range of activities of daily living in spite of the pain. She worked part-time, lived alone in an apartment, took care of her personal grooming, prepared simple meals that did not require prolonged standing, did light housework, drove a car, shopped in stores, and socialized with others. AR 14,16. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms"). Accordingly, the ALJ discussed the evidence in the record, and set forth valid reasons, supported by clear and convincing evidence, to arrive at his final determination regarding credibility.

## D.  CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for reversal (ECF Nos. 20, 21) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's cross-motion to affirm (ECF Nos. 24, 25) be GRANTED.

## E.  NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

...

may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 29, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE